J-S24024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY DENNIS | : | |
| | : | |
| Appellant | : | No. 1926 EDA 2021 |

Appeal from the PCRA Order Entered August 25, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003150-2016

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                           **FILED AUGUST 29, 2022**

Jeffrey Dennis appeals, *pro se*, from the order, entered in the Court of Common Pleas of Montgomery County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

This Court previously summarized the history of this case as follows:

[Dennis] was convicted by a jury of possession [with intent] to deliver cocaine, possession of cocaine, two counts of firearms not to be carried without a license, receiving stolen property[,] and two counts of [possession of] drug paraphernalia.  On January 25, 2018, [Dennis] was sentenced to an aggregate term of 11 ½ to 32 years' imprisonment.  A timely post-sentence motion was filed. It was denied on February 2, 2018.  A timely notice of appeal followed.  On April 2, 2019, [this Court] affirmed the judgment of sentence.   ***Commonwealth v. Dennis***, [216 A.3d 339 (Pa. Super. 2019) (Table) (unpublished memorandum decision)].

---

[*] Retired Senior Judge assigned to the Superior Court.

Subsequently, on July 25, 2019, [Dennis] filed a *pro se* PCRA petition[, his first]. Counsel was appointed [and] counsel filed a ***Turner***/***Finley***[1] no-merit letter. On January 7, 2020, [the PCRA court issued] a . . . notice of intent [to dismiss] in accordance with Pa.R.Crim.P. 907 . . . . After further review, on January 21, 2020, th[e PCRA court] vacated the Rule 907 [o]rder, and scheduled an evidentiary hearing on the sole issue [of] whether trial counsel's alleged ineffectiveness caused [Dennis] to reject a plea offer. . . . On February 7, 2020, the court conducted a hearing[, after which, o]n February 11, 2020, the court [dismissed Dennis's] petition.

***Commonwealth v. Dennis***, 252 A.3d 243 (Pa. Super. 2021) (Table) (unpublished memorandum decision). This Court affirmed the dismissal of Dennis's first PCRA petition. ***See id.*** Dennis initially filed a petition for allowance of appeal with our Supreme Court, but he withdrew that petition in order to file a second PCRA petition.

On June 2, 2021, Dennis, *pro se*, filed the instant PCRA petition, his second, in which he argued that PCRA counsel on his first petition rendered ineffective assistance by failing to call his trial counsel to testify about trial counsel's ineffectiveness at the February 7, 2020 PCRA hearing. ***See*** PCRA Petition, 6/2/21, at 5-6. On June 14, 2021, the PCRA court issued a Rule 907 notice of its intent to dismiss Dennis's petition as untimely filed. Dennis filed a response, in which he asserted that his second petition was timely because the filing of his first PCRA petition "stopped the clock" on future filings. ***See*** Rule 907 Response, 7/3/21, at 2-3.

Subsequently, on July 28, 2021, Dennis filed a motion to extend time to respond in which he asserted that PCRA counsel was additionally ineffective

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

in failing to locate trial counsel for the February 7, 2020 hearing. On August 16, 2021, Dennis filed a supplement to his second PCRA petition, in which he claimed he had spoken with his trial counsel and that trial counsel told him he had not been contacted by PCRA counsel at any point. Additionally, Dennis argued that his claims were newly-discovered facts because he was unaware that trial counsel had been dealing with mental health issues at the time of his trial, and that these mental health issues were detrimental to trial counsel's representation of Dennis.

On August 25, 2021, the PCRA court dismissed Dennis's *pro se* PCRA petition after concluding that it was untimely and the newly-discovered facts exception did not apply. Dennis filed a timely, *pro se*, notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Dennis now raises the following claims for our review:

[1.] Whether the PCRA court committed a legal error by dismissing [Dennis]'s newly/after[-]discovered facts exception claim[] as untimely based on the discovery of his trial counsel's mental illness, and his incompetency[?]

[2.] Whether the [PCRA] court committed [] legal error by dismissing [Dennis]'s PCRA claim of ineffective assistance of counsel when the first available opportunity to raise [] PCRA counsel's ineffectiveness was on appeal[?] *See Commonwealth v. Bradley*, 261 A.3d 381 ([Pa.] 2021)

[3.] Whether the PCRA court committed [] legal error in violation [of Dennis]'s due process [rights] under the 5th, 6th, and 14th amendments of the United States Constitution[?]

Brief for Appellant, at 5.

"On appeal from the [dismissal of a PCRA petition], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Martin**, 5 A.3d 177, 182 (Pa. 2010). Additionally, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Dennis's judgment of sentence became final, for the purposes of the PCRA, on May 1, 2019, when the time expired for filing a petition for allowance of appeal with our Supreme Court. **See** 42 Pa.C.S.A. §§ 9545(b)(1), (3); Pa.R.A.P. 1113(a). Thus, Dennis had until May 1, 2020, to file a timely petition under the PCRA. **See** Pa.C.S.A. §§ 9545(b)(1), (3). Dennis's current petition, his second, was filed on June 2, 2021, over one year later. Thus, it is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These three exceptions are as follows:

- 4 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

In his first claim, Dennis contends that his trial counsel's mental health concerns and subsequent mental health treatment caused him to render ineffective assistance. *See* Brief for Appellant, at 13-20. In particular, Dennis argues that the discovery of trial counsel's mental health treatment constitutes a newly-discovered fact that overcomes the PCRA's jurisdictional time-bar.[2] *Id.* at 13.

---

[2] Throughout his brief, Dennis conflates the newly-discovered facts exception to the PCRA time-bar, pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii), with the "after-discovered" evidence test, pursuant to 42 Pa.C.S.A. § 9543(a)(2). *See* Brief for Appellant, at 13-20; *see also Commonwealth v. Bruton*, 158 A.3d 618, 629 (Pa. 2017) (reiterating "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2)"). However, it is clear, from our review, that Dennis acknowledges his PCRA is time-barred, and that he is attempting to plead and
*(Footnote Continued Next Page)*

Here, Dennis purports to invoke the newly-discovered facts exception to the PCRA time bar, which "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (quotation omitted). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." *Id.* Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Here, it is clear from the record that Dennis was aware of trial counsel's disciplinary action in the Supreme Court, at the latest, when he filed his first PCRA petition on July 26, 2019. In that petition, Dennis claimed that trial counsel was ineffective based upon "[his] failure to [i]nform [Dennis] of [p]ending [d]isbarment by the [Office of Disciplinary Conduct] for [a h]istory

_____

prove an exception to the PCRA's time-bar. *See* Brief for Appellant, at 4, 13-15. Accordingly, we accept Dennis's argument as though he had properly invoked the newly-discovered fact exception and proceed with our analysis as to whether his PCRA petition is time-barred.

- 6 -

of [m]isconduct and [i]neffectiveness [c]laims." PCRA Petition, 7/26/19, at 15. In particular, Dennis attached a "Joint Petition in Support of Discipline on Consent Pursuant to Pa.R.D.E. 215(d)" entered by the Disciplinary Board. **See id.**, Exhibit A. This Consent Order details that trial counsel began seeking mental health treatment in 2016. **Id.**

Thus, Dennis should have known at the filing of his first PCRA petition on July 26, 2019, that trial counsel was undergoing psychological treatment during the time he represented Dennis. We agree with the PCRA court that "[i]t is disingenuous for [Dennis] to now suggest that he only learned of this during a PCRA [h]earing regarding [the] Bucks County [] PCRA [h]earing." PCRA Court Opinion, 12/2/21, at 9-10; **see Monaco**, **supra**. It is clear from Dennis's first PCRA petition that he was aware of this fact, at the latest, in 2019, not in 2021. Accordingly, this fact cannot satisfy the newly-discovered facts exception to the PCRA time-bar and, thus, the PCRA court was without jurisdiction to address the merits of his claim. **See Small**, **supra**; **Albrecht**, **supra**.

In his second claim, Dennis contends that, pursuant to our Supreme Court's recent decision in **Bradley**, he may now raise a challenge of ineffective assistance of counsel against his PCRA counsel for his **first** PCRA petition. Brief for Appellant, at 21-24.

In **Bradley**, our Supreme Court "reject[ed] the current Rule 907 procedure by which a petitioner may raise claims of ineffective assistance of PCRA counsel as unworkable" and "functionally unsound." **Id.** at 405.

Instead, the Court "offer[ed] a modified and flexible [] approach allowing a petitioner to raise claims of ineffective assistance of PCRA counsel **at the first opportunity** [after obtaining new counsel or acting *pro se*], even if on appeal[.]" ***Id.*** (emphasis added).

Nevertheless, the new rule of law set forth in ***Bradley*** is inapplicable to the instant case. We observe that Justice Dougherty cautioned against this exact scenario in his concurring opinion in ***Bradley***, as follows:

> The majority holds that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar,** such that a petitioner represented by the same PCRA counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his "first opportunity to do so." The majority's holding, like any holding, must be read against the facts of the case. . . . The facts here are that appellant filed a timely, counseled first PCRA petition. After this petition was petition was dismissed, he filed a timely appeal from the dismissal. On PCRA appeal, appellant was represented by new counsel, who raised claims of prior PCRA counsel's ineffectiveness. **Thus the "first opportunity" to raise claims of ineffective assistance of initial PCRA counsel was on a timely appeal from the dismissal of a timely first PCRA petition, not in a second PCRA petition filed out of time.**
>
> **Moreover, our approach "does not sanction extra-statutory serial petitions." And, we reject the argument that claims of ineffective assistance of PCRA counsel may be raised in an untimely successive petition pursuant to the unknown facts exception to the PCRA time-bar**. Further, our new rule allows PCRA counsel ineffectiveness claims **to be raised on collateral appeal, rather than in a serial PCRA petition**.

*Bradley*, 261 A.3d 381 (Dougherty, J. concurring) (emphasis added, citations omitted).

Instantly, as forewarned by Justice Dougherty, Dennis incorrectly asserts that *Bradley* permits him to challenge his prior PCRA counsel's ineffective assistance in a second, untimely, PCRA petition rather than on his previous collateral appeal. Indeed, Dennis asserts that his initial PCRA counsel before the PCRA court was ineffective. However, *Bradley* involved a timely filed first PCRA petition, not an untimely subsequent petition. *See Bradley*, *supra*. For these reasons, Dennis's claim is, therefore, not the type of layered ineffectiveness claim contemplated in *Bradley* and cannot now be raised absent proper invocation of an exception to the PCRA's jurisdictional time-bar. *See Bradley*, *supra*; PCRA Court Opinion, 12/2/21, at 3-5, 10-12. Accordingly, Dennis is entitled to no relief on this claim.

In his third claim, Dennis asserts that various constitutional rights were violated. *See* Brief for Appellant, at 25-27. However, before addressing this claim, we note that Dennis fails to invoke any of the exceptions to the PCRA time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *Spotz*, *supra*. Thus, we lack jurisdiction to address the merits of this claim as well.[3] *See Albrecht*, *supra*.

_____

[3] Moreover, even if Dennis had invoked an exception to the PCRA time-bar, he did not include this claim in his underlying PCRA petition, or in his Rule 1925(b) statement, and we would be compelled to determine this claim is waived for failure to preserve it before the PCRA court. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2022